NOT DESIGNATED FOR PUBLICATION

No. 126,150

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL WARREN PEASE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Atchison District Court; JOHN J. BRYANT, judge. Submitted without oral argument. Opinion filed April 24, 2026. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Sherri L. Becker*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL, P.J., PICKERING and BOLTON FLEMING, JJ.

HILL, J.: While what has been said cannot be unsaid, it is also true that not all slips of the tongue are so serious that by merely saying them before a jury must a court declare a mistrial. In this direct appeal, Michael Warren Pease contends that when a police officer used the noun "felony" as part of his answer to a question about his duties, the district court should have declared a mistrial. The judge disagreed. We agree with the judge; there was no need for a mistrial here.

Our review of the record reveals that, when that term was said, the context shows that its use was a general term included in an answer to a general question and really did

1

not refer to Pease's prosecution. In other words, using the term was not so suggestive that the district court should have ordered a new trial. The court skillfully addressed the issue and properly denied the motion for a mistrial. Accordingly, we affirm.

*It is important to understand the law of mistrials.*

Under K.S.A. 22-3423(1)(c), a district court may decide that a mistrial is necessary if "prejudicial conduct, in or outside the courtroom, makes it impossible to proceed with the trial without injustice to either the defendant or the prosecution." The statute creates a two-step test: Is there a failure? If so, can it be cured?

First, we decide whether the district court "'abuse[d] its discretion when deciding if there was a fundamental failure in the proceeding.'" *State v. Sean*, 306 Kan. 963, 987-88, 399 P.3d 168 (2017). Then, if the court decides there has been a fundamental failure in the proceeding, we look to see if the district court "'abuse[d] its discretion when deciding whether the conduct resulted in prejudice that could not be cured or mitigated through jury admonition or instruction, resulting in an injustice.'" 306 Kan. at 988.

A district court addresses the second step of this analysis only if it finds that a fundamental failure of the proceeding has occurred. If there is no failure, then there is no need for a cure. See 306 Kan. at 989.

We hold the statute's words "impossible to proceed" mean what they say. K.S.A. 22-3423(1)(c). This interpretation means that first the district court, then this court on appeal, must decide whether it was impossible to proceed with this trial once the word "felony" was uttered from the witness stand.

*The record reflects a comment made in passing.*

The State called Lieutenant Kelly Johansen of the Atchison County Sheriff's Office to testify during Pease's two-day jury trial on two counts of aggravated indecent liberties with a child. When asked how he became involved in the case, Johansen stated that he "review[s] all of [the Atchison County Sheriff's Office's] cases, especially felony type cases, or more serious cases." A few questions later, the defense counsel asked to approach the bench, where he then moved for a mistrial, claiming that the use of the word "felony" was prejudicial and warranted a mistrial. The district court denied the motion, reasoning that the lieutenant did not refer to this specific case as a felony. Later, the jury found Pease guilty of one count and not guilty on the other count. He has been sentenced.

Pease appeals, arguing that the district court failed to follow Supreme Court precedent and thus abused its discretion when it denied a mistrial. He asks us to reverse and remand for a new trial.

Pease argues that the district court erred by failing to explicitly find that a fundamental failure occurred in the proceeding when Johansen used the word "felony" while explaining how he became involved in the case. Pease also argues that if the district court implicitly found a fundamental failure had occurred—by saying the use of "felony" was inappropriate—it then erred by failing to determine whether the damaging effect could be removed or mitigated by taking some curative action.

The State responds to Pease's argument by contending that the district court's refusal to declare a mistrial was proper and that the court looked at the entire context before making its ruling. The State also argues that the court did not implicitly find a fundamental failure occurred when the court stated that using the term "felony" was inappropriate. Instead, the court simply said its use was inappropriate.

3

*This is a matter of trial court discretion.*

We review a district court's decision on a motion for mistrial for an abuse of discretion. *State v. Barlett*, 308 Kan. 78, 88, 418 P.3d 1253 (2018). Generally, a district court abuses its discretion if its decision is "arbitrary, fanciful, or unreasonable," or is based on an error of law or fact. *State v. Gonzalez-Sandoval*, 309 Kan. 113, 126-27, 431 P.3d 850 (2018). As the party asserting this claim, Pease bears the burden of showing an abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

*There was no fundamental failure in this proceeding.*

Pease suggests that the district court's statement, "I think everybody knows that that comment was inappropriate," was an implied finding of a fundamental failure. Relying on *State v. White*, 284 Kan. 333, 343, 161 P.3d 208 (2007), Pease asserts that, as a result of this implied finding, the district court was required to assess whether "the damaging effect could be removed or mitigated by an admonition or instruction to the jury [to] take any curative action." Pease contends that the district court's failure to undertake the assessment constituted an abuse of discretion, warranting a new trial.

The district court found that Johansen's use of the word "felony"—while inappropriate—was not a fundamental failure as the comment did not affect the outcome of Pease's trial when considered in context. The district court assessed Johansen's testimony and applied the correct legal standard, i.e., the fundamental failure test. See *Sean*, 306 Kan. at 987. It therefore did not commit an error of law. Nor did the court misstate the facts as Johansen did not identify Pease's case as a felony. In other words, the district court correctly found that no fundamental failure occurred and rested its finding on a reasonable interpretation of the facts and a proper application of the law.

4

*The word "felony" was descriptive, but its use here was not prejudicial.*

We infer from the district court's refusal to order a mistrial that it implicitly found that the word "felony," as used in this context, was not a fundamental failure in the proceeding because the lieutenant's comment did not refer to Pease's case specifically. While the judge did say the comment was inappropriate, that comment simply described the officer's job duties and did not refer to Pease's case.

In our review, we have a question similar to the question answered by the district court: After hearing the word "felony," was it impossible for the trial to proceed? Our answer is: No.

We doubt whether this comment influenced the outcome of the proceedings. As the district court explained, Johansen did not refer to any specific case. His rank suggests that he holds a supervisory role and this is a serious case. The district court had already told the jury at the start of the trial that Pease was charged with two counts of aggravated indecent liberties with a child. By their nature, these charges signal conduct more serious than a misdemeanor. We conclude that Johansen's comment did not influence the outcome of Pease's case as the jury could reasonably infer some seriousness independently of Johansen's testimony that would be prejudicial to the case.

Second, we note that the district court instructed the jury "to decide this case only on the evidence admitted." Kansas courts presume that jurors follow the instructions given by the district court. *State v. Brown*, 321 Kan. 1, 20, 573 P.3d 237 (2025). We cannot see how the jury, by following that instruction, could treat Johansen's testimony about his job duties as an indicator of Pease's guilt.

Pease seems to argue that merely saying the word "felony" out loud meant that it was impossible to proceed with the trial but provides no reasons why that is so. Pease has simply not met his burden and shown that his rights to a fair trial have been prejudiced. See *State v. Sappington,* 285 Kan. 158, 173, 169 P.3d 1096 (2007).

*We find no abuse of discretion by the district court in this ruling.*

The district court was not required to reach the second step in the mistrial analysis as it implicitly found no fundamental failure occurred. We will not find an abuse of discretion in denying a mistrial in the absence of a fundamental failure in the proceeding. With no wrong, there was no need to search for a cure. Accordingly, the district court did not abuse its discretion in failing to conduct the prejudice part of the assessment. See *Sean*, 306 Kan. at 987-89. We need not make that assessment either.

The district court correctly concluded, after reviewing the circumstances, that the trial could proceed. There was no abuse of discretion when it denied this motion for a mistrial.

Affirmed.